[No. 9756.  Department One. — May 22, 1885.]

# CALIFORNIA SOUTHERN RAILROAD COMPANY, RESPONDENT, *v.* THE SOUTHERN PACIFIC RAILROAD COMPANY ET AL., APPELLANTS.

EMINENT DOMAIN — RAILROADS — RIGHT OF WAY — JOINDER OF PROCEEDINGS. — Under section 1244 of the Code of Civil Procedure a proceeding by a railroad corporation to acquire a right of way across the right of way of another railroad company, and a proceeding to acquire a right of way over lands which the defendant owns in fee, may be united.

ID. — PLEADING — ALLEGATION OF TERMINI OF ROUTE. — The complaint, after stating the general route of the proposed road, alleged that the termini were to be National City and "a connection with the Atlantic and Pacific Railroad Company at or near the thirty-fourth parallel of north latitude in the State of California." *Held,* that the termini were alleged with sufficient certainty.

ID. — CONSOLIDATION OF RAILROADS — ARTICLES OF INCORPORATION. — Under section 473 of the Civil Code, and section 40 of the Act of 1861, upon the consolidation of two railroad corporations, the articles of consolidation constitute new articles of incorporation, and should be filed in the office of the secretary of State.

ID. — IMPROVEMENTS — WHEN NOT INCLUDED IN COMPENSATION. — The value of improvements erected by the plaintiff on the land sought to be condemned, with the consent of the defendant, must not be considered in, determining the compensation to be awarded for the land.

ID. — MANNER OF CROSSING — QUESTION FOR JURY. — The question whether the manner of crossing is compatible with the greatest public benefit and least private injury, is one of fact to be determined with reference to the circumstances of the case.

ID. — VERDICT — NEW TRIAL — JURY. — So far as the value of the property to be taken is concerned, the verdict of the jury is conclusive, although perhaps a new trial may be allowed by the court. All other issues of fact may be submitted to the jury.

ID.—JUDGMENT—SIGNATURE BY JUDGE—ENTRY.—The judgment need not be signed by the judge. The presumption is that the judgment as entered by the clerk was authorized.

ID.—FINAL JUDGMENT—FINAL ORDER OF CONDEMNATION—APPEAL.—In such proceedings the judgment on the assessment of damages, and adjudicating that the use is public, the taking necessary, etc., is the final judgment; the final order of condemnation is a special order made after final judgment, and an appeal therefrom must be taken within sixty days after its entry.

ID.—COMPLAINT—VALUE OF PROPERTY.—The complaint need not allege the value of the property sought to be condemned.

ID.—COST OF FENCES—WHEN NOT AN ELEMENT OF DAMAGE.—In the absence of circumstances making the cost of fences an element of damage, the provisions of the statute imposing on a railroad company the duty of fencing its road or to pay for fencing, do not affect the question as to the compensation to be paid for taking the land or imposing an easement upon it.

APPEAL from a judgment of the Superior Court of San Bernardino County from a final order of condemnation, and from an order refusing a new trial.

Proceeding brought by one steam railroad company against another for the purpose of acquiring a right of way through lands of the defendant. The further facts are stated in the opinion of the court.

*A. B. Hotchkiss,* for Appellants.

*Byron Waters,* and *M. A. Luce,* for Respondent:

The COURT.—1. It is contended by appellants that the court below ought to have sustained the demurrer to plaintiff's complaint, taken on the ground of a misjoinder of causes of action ; that a proceeding to ascertain compensation for crossing one railroad by another cannot be united with a proceeding to acquire lands for depot buildings. It is urged that the defendant, the Southern Pacific, has only an easement, that such easement is not an estate in lands, and that section 1244 of the Code of Civil Procedure only permits *all parcels of land* required for the same public use to be included in the same proceeding. But here the proceeding is to acquire a right of way across the right of way of the defendant railroad company (which the statutes allow), and to acquire a right of way over lands of the defendant. In such case an easement is sought to be acquired, as is provided for in the Code of Civil Procedure (§ 1239). If the easement is not technically an estate in the land, the acquisition of

the right of way involves the taking of a parcel of land, within the meaning of the statute. It has never been doubted that proceedings to condemn two or more parcels for the purpose of the right of way may be united under section 1244, although the result may not be to transfer the fee, or any estate in the lands, but only to impress them with an easement.

2. It is claimed that the complaint is demurrable because it does not appear therefrom that the parties have disagreed as to the value of the property sought to be condemned for the public use. But the fact of disagreement is averred in terms. The complaint also alleges that the two corporations could not agree as to the points or manner of crossing, intersection, and connection.

3. The complaint *does* contain a statement of all owners and claimants of the property as required by the statute.

4. Appellants claim that the complaint does not show the location, general route, and termini of the proposed road as required by section 1244 of the Code of Civil Procedure. The "general route" is given and the termini are stated to be National City and "a connection with the Atlantic and Pacific Railroad Company at or near the thirty-fifth parallel of north latitude in the State of California." In *Callender* v. *Painsville Co.* 11 Ohio St. 516, it was held that a statement of the termini and line of a road in a certificate of incorporation is sufficient if such as would have been sufficient in a special act of incorporation. An allegation in the complaint as to termini is sufficient if it follow the language contained in a valid certificate of incorporation.

5. The cross-complaint was properly stricken out. (*Cal. P. R. R. Co.* v. *Central P. R. R. Co.* 47 Cal. 549; *Moyle* v. *Porter,* 51 Cal. 639.)

6. Appellants contend the plaintiff failed to prove that, after the consolidation or amalgamation of the California Southern Railroad Company and the California Southern Extension Railroad Company, a copy of "the new articles of incorporation" was filed in the office of the secretary of State. But a careful reading of section 40 of the Law of 1861 (Hittell's Dig. par. 865), and of section 473 of the Civil Code, shows that by the latter, as by the former, it was intended that the articles of consolidation — themselves constituting the new articles of incorporation

— should be filed. And since the articles of consolidation constitute the new articles of incorporation, the persons named therein to act as directors until their successors shall be elected in the manner to be provided in the by-laws were properly named as directors.

7. There was evidence of consent by defendants to the entry and building of its road by plaintiff on sections of land 7, 19, 21, and 33, and that the entry of plaintiff and its acts thereon were not trespasses. The value of the ties, rails, etc., were therefore not to be considered as part of the realty in determining the compensation to be awarded for the lands taken. (*Cal. S. P. R. Co.* v. *Armstrong*, 46 Cal. 90.)

8. We think the question as to whether the manner of crossing (on a level, above or below the other road) is compatible " with the greatest public benefit and least private injury," is a question of *fact*, to be determined with reference to the circumstances proved in each case.

9. There was evidence to sustain the findings that the plaintiff and the defendant, the Southern Pacific Railroad Company, could not agree on the points and manner of the crossing, and could not agree upon the compensation to be made therefor.

10. The title of the Code of Civil Procedure which treats of eminent domain does not in express terms provide for a judgment in condemnation proceedings, unless the "final order of condemnation" mentioned in section 1253 can be called the judgment. Yet, by section 1256, "except as otherwise provided in this title, the provisions of part 2 of the Code are applicable," etc. And section 1241 requires of the court to determine that the taking of particular property is necessary to a use which is public, and the value of such property. So far as the assessment of the value of the property to be taken is concerned (while perhaps a new trial of the question of value may be allowed by the court) the verdict of the jury is conclusive. (Constitution, art. i. § 14.) As to other issues of fact made by the pleadings the court is authorized by the Code of Civil Procedure to submit them to a jury. (§ 309.)

The "judgment" recites the findings of the jury, and the same are thus adopted by the court, even if it should be conceded that the findings of the jury were merely advisory. It is urged

by appellants that the judgment or decree is not *signed* by the judge, but our attention has not been called to any provision of the Codes which requires any judgment to be signed by the judge. The presumption would be that the judgment entered by the clerk was directed and authorized by the judge. In the present case the presumption is strengthened by the fact that the court subsequently made an order (which is signed by the judge), of "final condemnation," based on a compliance with the judgment, on the part of plaintiff, by the payment of certain moneys therein determined to be the value of the property to be taken, etc.

11. The judgment based in part on the assessment of damages, and adjudicating that the use is public, and the taking necessary, etc., is the "final judgment" from which an appeal may be taken. The sum of money assessed must be paid within thirty days after "final judgment." (Code Civ. Proc. § 1251.) It may, as suggested, be an inaccurate use of terms to designate as *final* a judgment, which the court may set aside (with all the proceedings on which it is based) if the sum of money assessed is not paid. (Code Civ. Proc. § 1252.) And ordinarily a judgment is not final when the law contemplates further and subsequent proceedings in the same court to precede the absolute determination of the rights of the parties. But the question is not what is or is not a final judgment, within the appropriate meaning of the terms, but what is intended to be designated as the final judgment in the title treating of eminent domain. Reading the sections bearing on the matter together the final judgment is not the final order of condemnation provided for in section 1253, but is and must be the judgment which adjudges the sum to be paid within thirty days after it is entered. (§ 1251.)

12. It follows that the "final order of condemnation" must be considered a "special order made after final judgment," from which an appeal must be taken within sixty days after its entry.

From the transcript before us it appears the "final order of condemnation" was entered August 6, 1883, and the notice of appeal therefrom was not filed nor served until August 2, 1884. The appeal from the order must be dismissed.

13. Appellants further contend that the decision is against law, in that the value of the property was found by the jury to

be less than the value alleged in the complaint. But when the value cannot be agreed upon it is for a jury (unless waived) to determine the value. The plaintiff is not required to state the value in the complaint. (Code Civ. Proc. § 1244.) The allegation of the complaint as to value is an immaterial and impertinent allegation, which the plaintiff was not required to prove.

14. Appellants claim the judgment appealed from is invalid because of that portion of it which permits the plaintiff, in lieu of paying the value of certain fences to be erected by defendants, to give bond that it will build the fences itself. The claim is that, under the Constitution (art. i. § 14), compensation must be made in money before appropriation. If the estimated cost of fencing found by the jury in compliance with the fourth subdivision of section 1248 of the Code of Civil Procedure is a portion of the *compensation* to be paid for the private property appropriated to the public use, the objection is well taken.

In *Butte County* v. *Boydston*, 64 Cal. 110, it was held, in a proceeding to condemn a right of way for a public road, that when it appears that the value of the adjoining land will be reduced by running the road through a fenced tract, evidence was admissible to prove the cost of fencing along the road. And here, if it appeared that a necessity for fencing would arise to restore the adjoining land to its value prior to the taking of the right of way, the cost of such fencing might be considered as an element of damage. But the record herein does not show that the circumstances existed which would make the cost of fencing an element of damage, and as was pointed out in *Butte County* v. *Boydston*, the provisions of the statute which impose on a railroad company the duty of fencing its road, or to pay for fencing, do not affect the question as to the compensation to be paid for taking the land or imposing an easement upon it.

15. If it be conceded that the question, asked of the witness Perris, "is that location and crossing made in a manner most compatible with the greatest public benefit and least private injury," was objectionable as "calling for conclusion," etc., the ruling of the court permitting the question could not have injured the defendants, since the answer of the witness consisted of a statement of facts submitted to the court and jury, as tending to prove that the location and crossing were made in such man-

ner as subserved the greatest public benefit and least private injury.

16. The answer denies that the plaintiff is a corporation, and there is no finding upon the issue thus made. Yet as upon the evidence the court must have found the plaintiff to be a corporation, the omission is not material.

The appeal from the final order of condemnation is dismissed. Judgment and order denying a new trial affirmed.

Hearing in Bank denied.