[Sac. No. 1081.   Department One.—November 5, 1903.]

## D. C. POOL et al., Respondents, v. WILLIAM BUTLER, and GEORGE SIMMONS, Administrators, etc., Appellants.

Action to Condemn Land—Plaintiff not Bound to Take.—A plaintiff, by bringing an action to condemn land for a public use, does not bind himself to take the land and pay the compensation fixed by the court or jury.

Id.—Unaccepted Deposit—Tender—Appeal from Decree—Abandonment of Enterprise—Withdrawal of Deposit.—Where a deposit of the compensation fixed was made with the clerk but was not accepted, it amounted to no more than a tender; and where the defendants by motion for a new trial and appeal sought to reverse the entire decree, and thereby effected a long delay, the plaintiffs had the right, before the defendants were willing to accept the deposit, or were in a position to demand it, after affirmance of the judgment upon appeal, to abandon the enterprise and withdraw the deposit except as to costs.

Id.—Notice Pending Appeal—Dismissal of Action—Order after Affirmance.—Where the defendants were notified before the judgment became final by affirmance upon appeal, that the plaintiffs would not take the property, and would move immediately upon the filing

of the *remittitur* to vacate the judgment and dismiss the action, an order dismissing the action pursuant to such notice and motion will be affirmed upon appeal therefrom.

APPEAL from an order of the Superior Court of Yolo County dismissing an action. E. E. Gaddis, Judge.

The facts are stated in the opinion.

R. Clark, and G. Clark, for Appellants.

On payment, or tender of payment, the right to discontinue ceases. (*Merrick* v. *Mayor etc. of Baltimore,* 43 Md. 231; *Chicago* v. *Barbain,* 80 Ill. 485; *Los Angeles Ry. Co.* v. *Rumpp,* 104 Cal. 20, 25; 6 Am. & Eng. Ency. of Law, 634; Randolph on Eminent Domain, 181; *Denver etc. Ry. Co.* v. *Lamborn,* 8 Colo. 380.) He who pays money into court loses all control over it. (25 Am. & Eng. Ency. of Law, 943.) The money is paid into court *for the owner.* (Const., art. I, sec. 11; Code Civ. Proc., secs. 1251, 1252, 1253; *Callahan* v. *Dunn,* 78 Cal. 370; *Glenn County* v. *Johnson,* 129 Cal. 408.)

Hudson Grant, for Respondents.

The action for condemnation may be withdrawn where the land has not been taken nor paid for. (*Lamb* v. *Schottler,* 54 Cal. 319; Lewis on Eminent Domain, secs. 541, 656; *O'Neill* v. *Freeholders of Hudson,* 41 N. J. L. 161; *Chicago* v. *Barbain,* 80 Ill. 402; *Chicago* v. *Shepard,* 8 Ill. App. 602; *Denver etc. Ry. Co.* v. *Lamborn,* 8 Colo. 380; *Land and Canal Co.* v. *Hartman,* 17 Colo. 141.)

HAYNES, C.—This appeal is from an order dismissing the action, made upon plaintiffs' motion. The action was to condemn a strip of land 60 x 145 feet, for a ferry-landing on the Sacramento River, in Yolo County. There was a prior appeal from the judgment condemning the land for said purpose in which the judgment was affirmed (reported in 134 Cal. 621, entitled *Pool* v. *Simmons*). In that case the trial court gave judgment to the plaintiff, condemning the land to the burden of an easement for the proposed ferry-landing, and assessing the damages at $285. The defendants upon the trial reserved several exceptions, and moved the court for a

new trial upon all the issues, and the motion was denied. Thereupon said former appeal was taken from the judgment and from the order denying a new trial. Both the motion for a new trial and the appeal presented several questions relating to the regularity and validity of the proceedings and judgment, as well as the amount of damages awarded. The plaintiff deposited with the clerk the said sum of $285 and costs, within thirty days after the entry of the judgment. The defendants did not accept the money so deposited, but took and perfected their appeal, and did not abandon all defenses except for greater compensation, and could not demand or obtain the money until the appeal should be determined. Section 1254 of the Code of Civil Procedure provides, among other things, as follows:—

"The defendant who is entitled to the said money paid into court as aforesaid, or upon any judgment in such proceedings, shall be entitled to demand and receive the same at any time thereafter upon obtaining an order therefor from the court."

No such order was asked for by defendants. They could not get it without abandoning all the defenses they had to the action, except as to the sufficiency of the damages awarded; and such other defenses were not abandoned, but were pressed upon the motion for new trial, and in this court upon the appeal. If they had applied to the court for an order directing the clerk to pay over the money, it could not have been granted pending the motion for a new trial, or at any time after the appeal was taken until the judgment was affirmed or the appeal dismissed. The court had no power to make the requisite order for the payment of the money, the judgment having been suspended by the appeal, which was a refusal to accept the money, or to treat the judgment as a final determination of the rights of the parties, though it was in form final. Judgment in the court below was entered June 21, 1898, and the appeal was decided December 3, 1901, and became final January 2, 1902, a period of three and a half years after judgment in the court below. Such delay may have furnished in this case, and might in many others, sufficient reasons for an abandonment of the enterprise. During all that time defendants were protesting against the judg-

ment, and when plaintiffs finally relieved them from what they insisted was a wrong, oppressive, and erroneous judgment by dismissing the proceeding, now appeal from the order relieving them from it. The ultimate question, however, is whether the court erred in dismissing the action.

The proceeding in eminent domain is an exercise of the sovereign power of the state, though the state does not appear upon the face of the record as a party. The owner of the land sought to be appropriated to a public use may voluntarily agree with the agent of the state as to price, and convey it to the person or corporation who may desire it for a public use, but in the proceeding under the statute there is no element of contract. It is an adversary proceeding wherein the state appropriates the use of the land to the public, subject only to the requirement of the constitution that the land shall not be taken or damaged for public use without just compensation having been first made or paid into court for the owner. (Const., art. I, sec. 14.) But a plaintiff seeking to condemn land for a public use does not, by bringing the action to condemn, bind himself to take the land and pay the compensation fixed by the court or jury, since it may be so great as to make the proposed use impossible, or the delay in obtaining the right to use the land for the purpose intended may permit another to acquire a competitive use of other lands for the same purpose, and thus make his use undesirable, even if the compensation were reasonable. Hence a plaintiff in such action is conceded to have a right to abandon the proceeding and decline to take the land, the question then being at what stage of the condemnation proceedings may he abandon the enterprise or decline to take the property? Pending the motion for a new trial, and later, pending the appeal, it is clear that plaintiffs were not bound to pay or deposit the damages assessed upon the trial; and it is equally clear by the motion and the appeal that the defendants refused to accept payment, at least until they had exhausted all their resources to defeat the condemnation, and during all that time the plaintiffs had the right to abandon the enterprise and refuse to pay the compensation assessed by the court. It is contended, however, that having deposited the money with the clerk of the court, they could not withdraw it,

CXLI. Cal.—4

and that upon the affirmance of the appeal the defendants were entitled to receive it. I think plaintiffs had the right to abandon at any time before the defendants were willing to receive it, or were in a position to demand it. Before the former appeal was decided plaintiffs informed defendants of their intention to abandon the establishment of the ferry, and that, if the judgment should be affirmed, they would move to dismiss the proceeding, and they withdrew the money deposited, except sufficient thereof to pay costs.

It is contended on behalf of appellants that the right of the defendants to the land, or the easement therein, vested in the plaintiffs by the deposit with the clerk, and that there can be no abandonment by the plaintiffs thereafter. But the deposit, I think, under the circumstances, was only a tender, and in such cases the money tendered does not vest in the person to whom it is tendered unless it is accepted. In this case the deposit was not accepted. The defendants persisted in their contention that the judgment was erroneous and invalid, and sought to have it reversed, and could hardly contend that the money or the right to it was vested in them so long as they contended that the plaintiffs had no right to the land. The vesting of the title to the deposit in the defendants is coincident with the vesting of the right to the land for the purposes for which it was sought, but pending the appeal the plaintiffs could assert no right to the land or its use under the judgment which had been stayed and suspended by the appeal, during which time the court was powerless to enforce it; nor could the defendants say, "The right to the money is vested in us, but you shall not have the land." The title to the land does not vest in the plaintiffs until "the final order of condemnation" is made by the court, and a copy of the order filed in the office of the county recorder, "and thereupon the property described therein shall vest in the plaintiff for the purposes therein specified." (Code Civ. Proc., sec. 1253.) Counsel for appellants cites *Los Angeles Ry. Co.* v. *Rumpp,* 104 Cal. 20, to the proposition that the appeal to the supreme court gave no right to withdraw the money. But that case and this are materially different. There the plaintiff paid the money into court, and it was paid over to the defendant, who filed her abandonment of all defenses except

"her claim for greater compensation," and as to that claim she appealed, and the plaintiff took possession of the land and constructed its road over it.    The judgment, except as to the amount of damages, was accepted by the defendant and remained in force; and it was upon this state of the facts that the court said, "Upon the payment of the money plaintiff acquired a vested right in the property, and the defendant a vested right in the compensation," and it was held "that the appeal of defendant, accompanied by her abandonment of other defenses, did not, as in ordinary cases, vacate the judgment."    Here, the defendants not having abandoned all defenses except their claim for greater compensation, the entire judgment was suspended, and they did not, nor could not, demand the money deposited by the plaintiffs, nor could the court make any order for its payment to defendants until after the affirmance of the judgment by the appellate court. "In the nature of things, this provision for payment cannot apply to the claim of a defendant for unliquidated damages thereto, if the land be not finally taken.   As to such claim the money is not paid into court for the defendant, but as security only."    (*Steinhart* v. *Superior Court,* 137 Cal. 575, 576.[1]) In the same case (p. 579), it was further said: "I do not agree to the proposition that compensation is made to the owner by paying into court a sum of money before the damage has been judicially determined and when the property-owner cannot take the money. . . . It is not paid into court *for him* until he can take it."   In the face of the appeal as taken, they could not know that they could ever acquire the right to appropriate it, and were not bound to keep the deposit good, and the withdrawal of it was evidence of an abandonment, which was made more explicit by informing defendants, the appellants in that case, that they desired to dismiss the action and abandon the establishment of the proposed ferry, and offered to pay the defendants' costs in the trial court and one half of the costs on appeal, provided the appeal be then dismissed; which offer was refused, and the defendants were then notified that whatever the judgment of the supreme court might be plaintiffs would, upon the filing of the *remittitur,* move the court to vacate the judgment and

[1] 92 Am. St. Rep. 183.

dismiss the action, and this motion was promptly made, and the defendants (appellants here) made a counter-motion to proceed in said cause and enter an order of final condemnation, and the two motions were heard at the same time. Plaintiffs put in evidence the judgment-roll of the original judgment from which said appeal was taken showing facts hereinbefore stated, and gave parol evidence of other facts which have also been stated.

As to the time when, or within which, the plaintiff in condemnation proceedings may abandon them and decline to take the property, there is a conflict in the authorities; but this conflict relates to the time of abandonment and not to the right to abandon where the statute is silent upon the subject. The constitutional as well as the statutory law upon this subject assumes that the owner of the land is unwilling that it shall be taken for the proposed use, and the provisions of the statute are framed to prevent it from being taken or damaged without just compensation, and not with the view or for the purpose of enabling the owner to speculate upon the supposed necessities of the plaintiff or the public by appeals which not only involve the amount of compensation, but set at large the question whether he had a right to condemn the land at all. Lewis, in his work on Eminent Domain (sec. 656), says: "The weight of authority is, that in the absence of statutory provisions on the question, the effect of proceedings for condemnation is simply to fix the price at which the party condemning can take the property sought, and that even after confirmation or judgment the purpose of taking the property may be abandoned without incurring any liability to pay the judgment awarded."

The author cites in support of the foregoing quotation a very large number of cases from many different states; and later in the section, after citing cases from New York and Nebraska, says: "These cases from New York and Nebraska are, we believe, the only ones which are contrary to the doctrine stated at the beginning of the section."

In Dillon's Municipal Corporations (4th ed., sec. 608) the learned author says: "Under the language by which the power to open streets and to take private property for that purpose is usually conferred upon municipal corporations,

they may at any time before taking possession of the property under completed proceedings, or before the final confirmation, recede from or discontinue the proceedings they have instituted. This may be done, unless it is otherwise provided by legislative enactment, at any time before vested rights in others have attached.''

This section is cited and approved in *O'Neill* v. *Freeholders of Hudson,* 41 N. J. L. 161, 172, in a well-considered opinion by Chief Justice Beasley. (See, also, *Graff* v. *Mayor etc. of· Baltimore,* 10 Md. 544; *State* v. *C. and T. R. R. Co.,* 17 Ohio St. 103.) In *Chicago etc. Co.* v. *Chicago,* 143 Ill. 641, it was held: ''A municipal corporation seeking to condemn real estate for public use may, after the assessment of damages and judgment of condemnation, abandon the enterprise in aid of which the condemnation is sought, and unless, within a reasonable time, the damages are paid and possession taken of the property condemned, the proceeding will be regarded as abandoned.'' To the same effect is *Bensley* v. *Mountain Lake Water Co.,* 13 Cal. 307, 317.[1] In *St. Louis etc. R. R. Co.* v. *Teters,* 68 Ill. 144, 150, it was said: ''Where the company has not appropriated the land at the time of the trial, it would be improper to render a judgment for the recovery of the money, or to award execution, because it could not be known that the company will ever enter upon the land. It is, under the statute, the payment of the money found by the jury, and not the order of the court alone, that confers the right. Although the petition has been filed, the damages assessed, and the order of the court pronounced and entered, the money must be paid before the right to enter attaches, and until they pay the damages they have the right to abandon the location of the route thus made, and adopt some other. Hence, it is improper to render a judgment of recovery or award execution, unless the jury find, or it conclusively appears from the record, that the company has entered and is in possession of the land sought to be condemned.'' In this case the defendants were notified before the judgment became final by its affirmance on appeal that they would not take the property, and would move to dismiss the action. Defendants cannot complain if while they were making every effort to destroy

[1] 73 Am. Dec. 575.

the judgment by a reversal, the plaintiffs should abandon the enterprise and withdraw a deposit the defendants refused to accept; and especially must this be true where the motion for a new trial and the appeal, both and each, denied and contested to the end the right of plaintiffs to condemn the land for the purposes alleged. Justice requires that where possession has not been taken, and the purpose for which condemnation was sought has been abandoned, that the award of damages should not be enforced, especially where the defendants have prevented for an unreasonable time the accomplishment of the purpose. The greatest right the plaintiffs could secure in this proceeding was simply an easement for a specific purpose. Having abandoned the construction of a ferry, the plaintiffs could not convert it to another use, but the land, unencumbered by any use by the plaintiffs, would remain the property of the defendants. If the dismissal of the action has injured the defendants, it is obvious that the value of the land which has not been taken, and the injury to other lands which would have been injured if the ferry had been established are not the measure of their damages, while a reversal of the order dismissing the proceeding would have the effect of a judgment therefor. It may be that the question of dismissal is a matter within the discretion of the court, but, if so, it is clear there has been no abuse of discretion in this case.

I advise that the order dismissing said action be affirmed.

Gray, C., concurred.

For the reasons given in the foregoing opinion the order dismissing said action is affirmed.

Angellotti, J., Van Dyke, J., Shaw, J.