[Civ. No. 465.   Third Appellate District.—July 28, 1908.]

## LINCOLN NORTHERN RAILWAY COMPANY, Respondent, v. MATTIE R. WISWELL, Appellant.

EMINENT DOMAIN—RAILROAD RIGHT OF WAY—ABANDONMENT OF ROUTE BEFORE DEFAULT IN PAYMENT—DISMISSAL OF ACTION.—In an action by a railroad company to condemn land for a right of way, in which, after verdict, the judgment of the court was that the amount of the verdict be paid within thirty days, the railroad company may, before default in such payment, give notice of its abandonment of the route set forth in its complaint, so as not to pass over the defendant's land; and the court may thereupon order a dismissal of the action at plaintiff's costs.

ID.—COSTS NOT INCLUSIVE OF ATTORNEYS' FEES.—There is no provision for including attorneys' fees paid by the defendant as part of the costs to be allowed upon dismissal of the action to condemn the lands of the defendant.

APPEAL from a judgment of the Superior Court of Placer County dismissing an action to condemn lands. J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

W. H. Carlin, and L. L. Chamberlain, for Appellant.

F. P. Tuttle, for Respondent.

○

CHIPMAN, P. J.—The action was to condemn a right of way over the land of defendant. Upon the verdict of the jury fixing the amount of the damages to defendant's property, the court, on October 9, 1907, adjudged that plaintiff pay defendant, within thirty days from the date of the judgment, the sum fixed by the jury, to wit, $4,030.50, or deposit the same in court for the use of defendant, "and upon said payment or deposit of said money as aforesaid within said time, a final order or decree of condemnation . . . shall be entered in this proceeding." On November 7, 1907, plaintiff gave notice that it would move the court to dismiss the action, upon the ground that plaintiff had never taken possession of the land sought to be condemned, and "will never enter upon said land and has abandoned the location of the route set forth in said complaint, and the right to condemn the same." In an affidavit heard with the motion, plaintiff, by its attorney, set forth facts in support of the motion, stating, in addition to the grounds above set forth, that the sum awarded was excessive, that no payment or deposit had been made, and that plaintiff does not intend to do so within thirty days from the date of the judgment or at all, and that plaintiff intends to select a new location for the line of its railroad, and that the same will not pass over the lands of defendant.

In an affidavit by counsel for defendant it is set forth that defendant was and is satisfied with the award of damages, and is ready to accept the same and permit plaintiff to take possession of the land, and that "defendant has not, nor does she intend to move for a new trial or take an appeal from the judgment or decree heretofore made by said court in said action." It is further stated that defendant incurred certain expenses in the action, among which was an attorney's fee of at least $500. It appeared that, at the time of hearing said motion to dismiss, plaintiff paid to defendant her costs taxed in the action, which did not include any attorney's fee. Upon the hearing of the motion the court made and caused to be entered its order dismissing the action, from which defendant appeals.

We feel relieved from entering upon an examination of the cases, as to the question when, or within what time, the plaintiff in condemnation proceedings may abandon the enter-

prise, decline to take the property and dismiss the action. The case of *Pool* v. *Butler,* 141 Cal. 46, [74 Pac. 444], we regard as decisive of the question here. The facts in the two cases were not the same, but the discussion of the question in that case shows very clearly that in a case, as here, where the motion to dismiss on the ground that plaintiff had abandoned the enterprise and no longer desired the land, is made before plaintiff is in default in paying or depositing the money, awarded by the jury, defendant has no cause for complaint.

Appellant urges that in *Pool* v. *Butler, supra,* no mention was made of section 1252 of the Code of Civil Procedure, and that the meaning of that section is still undetermined. It reads as follows: ''Payment may be made to the defendants entitled thereto, or the money may be deposited in court for the defendants, and be distributed to those entitled thereto. If the money be not so paid or deposited, the defendants may have execution as in civil cases; and if the money cannot be made on execution, the court, upon a showing to that effect, must set aside and annul the entire proceedings, and restore possession of the property to the defendant, if possession has been taken by the plaintiff.''

It is claimed that the judgment fixing the amount of damages is a final judgment, and gives to the defendant a vested right to the money; and this is argued from the fact that the statute gives the defendant an execution as in civil cases. It will be observed that the statute does not authorize execution to issue until after the thirty days have expired. We are not called upon to decide the rights of a defendant where the money awarded has been deposited within the thirty days required by section 1251 of the same code, although *Pool* v. *Butler, supra,* we think, does in fact decide that question also. We are to decide only whether the plaintiff may abandon the enterprise, and dismiss action upon payment of defendant's costs, within the thirty days given in which to make payment or deposit the money, when in fact no payment or deposit has been made. Upon this point we have no doubt of plaintiff's right to do so.

In the proceeding under the statute to condemn there is no element of contract. (*Pool* v. *Butler,* 141 Cal. 46, [74 Pac. 444].) The final judgment mentioned in section 1251,

as to payment of which reference is made in section 1252, is the judgment fixing the amount of damages, and is a final judgment in the proceeding and is an appealable judgment (*California Southern R. R. Co.* v. *Southern Pacific R. R. Co.,* 67 Cal. 59, [7 Pac. 123]); the subsequent final order of condemnation (section 1253) being an order after final judgment. (Id.) Mr. Lewis says: "The weight of authority is, that in the absence of statutory provision upon the question, the effect of proceedings for condemnation is simply to fix the price at which the party condemning can take the property sought, and that even after confirmation or judgment the purpose of taking the property may be abandoned without incurring any liability to pay the awarded judgment." (Lewis on Eminent Domain, sec. 656.) Whether or not this view correctly expresses the limit of the right to abandon, we have no hesitancy in holding that it is not reached where the plaintiff makes his election to abandon before he is called upon to pay the amount of the award; and we find nothing in section 1252 leading to any other conclusion. Section 1253 provides that when payments have been made and the bond given, if plaintiff elects to give one, as required by sections 1251 and 1252, "the court must make a final order of condemnation. . . . And a copy of the order must be filed in the office of the recorder of the county, and thereupon the property described therein shall vest in the plaintiff for the purposes therein specified." It was said in *Pool* v. *Butler, supra:* "The vesting of the title to the deposit in the defendants is coincident with the vesting of the right to the land for the purposes for which it is sought." Here, however, the payment had not been made, and plaintiff gave notice of abandonment and moved to dismiss the action within the thirty days given in which to make payment, which presents a much stronger case for the exercise of the right to abandon than was that of *Pool* v. *Butler, supra.*

Appellant makes the point that the court should have required payment of attorneys' fees as part of the costs. Section 1255 provides that "Costs may be allowed or not, and if allowed, may be apportioned between the parties on the same or adverse sides, in the discretion of the court." These costs are such as ordinarily attend the trial of causes. The only

provision for allowing attorneys' fees is found in section 1251, where the action is on the bond therein mentioned.

The judgment dismissing the action is affirmed.

Hart, J., and Burnett, J., concurred.