[L. A. No. 5312. Department Two.—February 2, 1920.]

JAMES G. CORTELYOU et al., as Executors, etc., Respondents, v. T. A. BAKER, Appellant.

[1] FIXTURES—PERSONALTY USED IN WORKING MINE—INAPPLICABILITY OF SECTION 661, CIVIL CODE, TO OIL OPERATIONS.—The kind of property described in section 661 of the Civil Code, which was adopted in 1872, and which provides that sluice-boxes, flumes, hose, pipes, railway tracks, cars, blacksmith-shops, mills, and all other machinery or tools used in working or developing a mine, are to be deemed affixed to the mine, shows that it was intended to apply to a mine in the ordinary meaning of the term, such as a quartz or placer mine, and while the development and production of petroleum is, for some purposes, classed as mining, the section was not intended to apply to oil operations.

[2] CONVERSION—WRONGFUL SEIZURE UNDER ATTACHMENT—ACTION BY EXECUTORS—DISTRIBUTION—RIGHT OF SUBSTITUTION.—In an action by executors against a sheriff for the wrongful seizure of property of the estate, an heir to whom the property and all rights of action growing out of the seizure had been distributed and who had received from the other heirs a conveyance of their claim in the property and interest in the suit was entitled to be substituted in place of the executors by supplemental complaint.

[3] ESTATES OF DECEASED PERSONS—WRONGFUL ATTACHMENT—ACTION FOR TRESPASS—RIGHT OF EXECUTORS.—Executors in possession of property wrongfully seized under attachment are entitled to maintain an action for the trespass.

APPEAL from a judgment of the Superior Court of Kern County. Milton T. Farmer, Judge. Reversed.

The facts are stated in the opinion of the court.

Geo. E. Whitaker and T. N. Harvey for Appellant.

W. W. Kaye and M. M. Meyers for Respondent.

WILBUR, J.—The appellant, as sheriff, attached certain property claimed by the respondent, and later sold the same on execution, on a writ issued against the property of one B. I. Potter. This property was used in the operation of two oil wells on a five-acre lease. Respondent sued for the value of the property sold and recovered judgment for

$3,667 and interest. No third party claim was made by
respondent, as required in the case of personal property by
section 689 of the Code of Civil Procedure. The main diffi-
culty in the case arises from conflicting contentions as to
whether or not the property was real or personal. (Code
Civ. Proc., sec. 692, subd. 2.) If real property, it was sold
without the required twenty days' notice of sale and with-
out the right to redeem (Code Civ. Proc., sec. 700). The
respondent, being an aggrieved party, was, therefore, en-
titled to recover the value of the fixtures sold and removed
by the purchaser as damages. (Code Civ. Proc., sec. 693.)
If it was personal property, respondent, having failed to give
the notice required by section 689, is precluded from recov-
ery by the provisions of that section which make service of
a third party claim upon a sheriff a condition precedent
to recovery. This section provides: "The sheriff is not lia-
ble for damages for the taking or keeping of such property
to any such third person, unless such a claim is made."
As to the personal property, the wrong by the sheriff con-
sisted in taking and keeping it. The sale thereof vested no
title in the purchaser other than that of the judgment
debtor. (Code Civ. Proc., sec. 708.) Some of the property
was clearly personal, and some constituted fixtures, under
the usual rule for determining whether or not property is
affixed to the land. (Civ. Code, sec. 660.) Respondent con-
tends that the property comes under section 661 of the Civil
Code, which is as follows: "Sluice-boxes, flumes, hose, pipes,
railway tracks, cars, blacksmith-shops, mills, and all other
machinery or tools used in working or developing a mine,
are to be deemed affixed to the mine." This section was
adopted in 1872. [1] The kind of property therein de-
scribed shows that it was intended to apply to a mine in the
ordinary meaning of the term, such as a quartz or placer
mine. While the development and production of petroleum
is, for some purposes, classed as mining (*Miller* v. *Chrisman,*
140 Cal. 440, [98 Am. St. Rep. 93, 73 Pac. 1083, 74 Pac.
444]), we think that the section was not intended to apply to
oil operations. The property described in the testimony
consisted partially of fixtures, such as houses, boilers, and
engines, and partially of personal property, such as tools.
As a large proportion of the total value of the property
consisted of fixtures, we have examined the evidence to see
if it is possible to affirm the judgment. The evidence, how-

ever, is such that we cannot do so, as there is a conflict therein as to value. Respondent insists that the complaint alleges and that the court found that the property was real property, while the appellant contends that the findings on that subject are conflicting. Without analyzing in detail the allegations of the complaint, or of the answer, or the findings of fact, it is sufficient to say that it is uncertain whether the plaintiff intended to allege that the property was real or personal, and the allegations and admissions of the answer are equally uncertain, and while the court found that all the property described in the complaint constituted fixtures, it also incorporated portions of the answer in the findings, thus rendering the finding uncertain. The difficulty presented by the pleadings and findings can perhaps best be illustrated by stating that the complaint alleges that the plaintiff was the owner of a five-acre oil lease with improvements thereon. Immediately succeeding this sentence is a list of property, which is not connected with the previous allegation in any way. To increase the uncertainty, this list of property is followed with the allegation that "the defendant unlawfully tore down, ripped up, disconnected the fixtures from said soil, removed the machinery and pipe-line, unlawfully took all of *the personal property described in paragraph two* [which contained the above-mentioned list] and carried away the same, together with all of said property so removed from the real estate." Inasmuch as a new trial will be necessary, we will consider the question raised by the appellant with relation to the ownership of the property. It is claimed that the respondent did not sufficiently prove his ownership. Spencer V. Cortelyou, by supplemental complaint, was substituted in place of James G. Cortelyou and Spencer V. Cortelyou, executors of Mary V. Cortelyou's estate. At the time of the latter's death she owned a mortgage upon the five-acre lease. Subsequent to her death the executors arranged with the mortgagor to accept a conveyance of the property in satisfaction of the mortgage. The property was conveyed directly to the heirs and the executors satisfied the mortgage of record and took possession of the property. Thereafter the attachment was levied, the sale made, and this suit was brought by the executors to recover the value of the property taken by the sheriff. Subsequently a decree of distribution was entered in the estate, by which

the property in question and all rights of action growing out of the seizure by the sheriff were distributed to Spencer V. Cortelyou. The other heirs also conveyed to him their claim in the property and their interest in this suit. **[2, 3]** Under these circumstances Spencer V. Cortelyou was entitled to be substituted in place of the executors by way of supplemental complaint, and at the time of the commencement of the action the executors in possession of the property were entitled to maintain an action for the trespass committed by the sheriff. (Code Civ. Proc., secs. 1581, 1582.) Plaintiff should have a reasonable time to amend his complaint and the defendant his answer, and a new trial should be had upon the amended pleadings.

The judgment is reversed, with instructions to the trial court to grant leave to amend the pleadings within a reasonable time, to be fixed by the court.

Lennon, J., and Kerrigan, J., *pro tem.,* concurred.