PARK DISTRICT OF THE CITY OF ENDERLIN, a Municipal Corporation, Appellant and Respondent, v. MICHAEL ZECH et al. MICHAEL ZECH, Respondent and Appellant.

(218 N. W. 18.)

**Eminent domain — amount awarded not payable into court until after judgment is entered on verdict.**

1. Assuming without deciding, that a park district is a municipal corporation, the proviso to subdivision 7 of § 8205, Supplement to Comp. Laws 1913,

does not apply to a municipal corporation until after judgment is entered on the verdict of the jury on the order of the court.

**Eminent domain — no element of contract in proceedings — party seeking may dismiss after verdict — liable for costs only.**

2. There is no element of contract in an eminent domain proceeding, and the effect of such a proceeding is to fix the price at which the party condemning can take the property and after verdict he may abandon and dismiss the proceeding, and is liable for the statutory costs only.

Opinion filed February 18, 1928.

Eminent Domain, 20 C. J. § 2 p. 515 n. 10; § 265 p. 831 n. 23; § 300 p. 874 n. 97; § 458 p. 1080 n. 21; § 511 p. 1143 n. 31.

Appeal from District Court of Ransom County, *McKenna,* J.
Reversed.
*Kvello, Adams, & Rourke,* for appellant and respondent.
*Langer & Nuchols,* for respondent and appellant.

BURKE, J. The park district of the city of Enderlin brought an action to condemn and acquire ten acres of land belonging to the defendant, Michael Zech, in October 1926.

A verdict was rendered for the defendant in the sum of $3300 on January 29, 1927. On February 4, 1927, and before the entry of judgment upon the verdict, the commissioners of the park district, unanimously adopted a resolution abandoning the condemnation proceedings upon the ground that the verdict was grossly excessive, beyond the ability of the park district to pay, and greatly exceeding both the value of the land and possible damage to outlot not sought to be condemned.

On February 5, 1927, written notice of such abandonment, and notice of intention of a motion to dismiss were served upon the attorney for defendant, and on the 19th of February 1927, a motion and notice of motion to dismiss the condemnation proceedings, supported by affidavits were served upon the said attorneys, which motion was denied by the court, and a motion for a new trial was granted.

The plaintiff appeals from the order denying the motion to dismiss the condemnation proceedings, and the defendant appeals from the order granting a new trial.

The issues raised by appellants are, first, may the plaintiff dismiss the condemnation proceedings after verdict, and before final judgment? Second, does the proviso in subdivision 7 of § 8205, Supp. to Comp. Laws 1913, apply to a park district? Third, is the proviso in subdivision 7 of § 8205, Supp. 1913, constitutional? Fourth, was the granting of a new trial an abuse of discretion?

It is the contention of the plaintiff, that the condemnation proceedings may be dismissed after verdict, and before final judgment, and that subdivision 7 of § 8205 Comp. Laws, 1913, does not apply to a park district. In 1921 the legislature amended § 8205 by adding subdivision 5. It was evidently the intention of the legislature to amend the law so that any city might acquire by condemnation "any system of water works, electric lights, power plant wells, reservoir, pipe line, machinery, franchise, and all other property of any kind whatsoever comprising a water works system or electric light and power system."

Subdivision 7 of chapter 63, Session Laws of 1921, without the proviso, was subdivision 6 of § 8205, Comp. Laws 1913. It read as follows:

"All classes of private property not enumerated may be taken for public use when such taking is authorized by law."

In 1921 this subdivision was re-enacted as subdivision 7 without change, and to it was added a proviso and subdivision 7 of § 8205, Comp. Laws 1913, now reads as follows:

"All classes of private property not enumerated may be taken for public use, when such taking is authorized by law. Provided that in the event that such property is acquired by condemnation proceedings the city or municipality instituting such proceedings shall be bound by the decision of the court and jury in such proceedings, and shall pay into court, within six months after the rendering of the verdict therein, the full amount found by the jury to be the amount of the damages for such taking."

If this proviso applies to any property other than the property mentioned in subdivision 7, it is not binding on the city or municipality until there is a decision of the court and jury; and there is no decision of the court and jury until judgment is entered on the verdict of the jury and the order of the court. It follows therefore, that the proviso cannot apply in this case for there was no decision of the court and

56 N. Dak.—28.

jury when the plaintiff moved to dismiss his condemnation proceedings.

In construing the law of eminent domain in this state in the case of Lidgerwood v. Michalek, 12 N. D. 348, 97 N. W. 541, the court said:

"The plaintiff can acquire neither an easement, nor the right to the use which he seeks, nor to possession, until the damages awarded in the condemnation proceeding shall have been paid; and no order of condemnation can be made until such payment is made to the defendants, or in court for their use. Rev. Code 1899, §§ 5970, 5971. *The city may conclude that the award is excessive and decline to make provision for its payment* (the emphasis is ours) and if payment is not made the condemnation proceedings are rendered abortive. Id. §§ 5968, 5969. As stated in 2 Lewis, Em. Dom. § 656, "The weight of authority undoubtedly is that, in the absence of statutory provisions on the question, the effect of proceedings condemnation is simply to fix the price at which the party condemning can take the property sought, and that, even after confirmation or judgment, the purpose of taking the property may be abandoned without incurring any liability to pay the damages awarded." Sections 5970 and 5971, Rev. Code 1899 are §§ 8228 and 8229, Comp. Laws 1913, § 5969 of the Code of 1899 is § 8227, Comp. Laws 1913, § 5968, Code 1899, is § 8226, Comp. Laws 1913 all remaining unchanged, except, § 8226, to which has been added a provision relating to school or public lands and which does not affect this case.

Our sister state of South Dakota in the case of Fairmont & V. R. Co. v. Bethke, 37 S. D. 446, 159 N. W. 56, holds, that the condemnation proceedings may be dismissed after verdict and before entry of judgment.

The statute of California on the subject of eminent domain is practically the same as North Dakota's statute, excepting, that in 1911, the legislature of California amended their statute, enacting into law what their courts, and the majority of the courts had previously held to be the law relating to the abandonment of condemnation proceedings. Before the amendment the California court had before it the case of Lincoln Northern R. Co. v. Wiswell, 8 Cal. App. 578, 97 Pac. 536. In this case the court construes § 1252 of the California Code of Civil Procedure which is § 8227, Comp. Laws 1913. Section 1251, Cal. Code of Civil Procedure provides, that "the plaintiff must, within thirty

days after final judgment, pay the sum of money assessed," which provision is found in § 8226, Comp. Laws 1913. In construing these sections the court says:

"In the proceeding under the statute to condemn there is no element of contract. Pool v. Butler, 141 Cal. 46, 44 Pac. 44. The final judgment mentioned in § 1251, as to payment of which reference is made in § 1252, is the judgment fixing the amount of damages, and is a final judgment in the proceeding and is an appealable judgment (California Southern R. Co. v. Southern P. R. Co. 67 Cal. 59, 7 Pac. 123); the subsequent final order of condemnation (§ 1253) being an order after final judgment. Ibid. Mr. Lewis says: 'The weight of authority is, that in the absence of statutory provision upon the question, the effect of proceedings for condemnation is simply to fix the price at which the party condemning can take the property sought, and that even after confirmation or judgment the purpose of taking the property may be abandoned without incurring any liability to pay the awarded judgment.' Lewis, Em. Dom. § 656. Whether or not this view correctly expresses the limit of the right to abandon, we have no hesitancy in holding that it is not reached where the plaintiff makes his election to abandon before he is called upon to pay the amount of the award; and we find nothing in § 1252 leading to any other conclusion. Section 1253 provides that when payments have been made and the bond given, if plaintiff elects to give one, as required by §§ 1251 and 1252, 'the court must make a final order of condemnation. . . . And a copy of the order must be filed in the office of the recorder of the county, and thereupon the property described therein shall vest in the plaintiff for the purposes therein specified.'" Bensley v. Mountain Lake Water Co. 13 Cal. 306, 73 Am. Dec. 575; Lamb v. Schottler, 54 Cal. 319; 2 Nichols, Em. Dom. p. 1104, § 419; 20 C. J. 1079; 10 R. C. L. Eminent Domain, § 199; District of Columbia v. Hess, 35 App. D. C. 38, 28 L.R.A.(N.S.) 91; Cunningham v. Memphis R. Terminal Co. 126 Tenn. 343, 149 S. W. 103, Ann. Cas. 1913E, 1062.

The majority of the decisions hold that the rights of the parties are not vested until the amount of the award is paid, or the land is taken, the minority holding that the confirmation of the award vests the rights of the parties and precludes discontinuance. In either case the plaintiff's motion to dismiss should have been granted for the money

had not been paid and the decision of the court on the verdict had not been ordered. It follows that the order denying plaintiff's motion must be reversed, but since the plaintiff instituted the action and abandoned the same the defendant is entitled to costs in the district court. It is ordered that the condemnation proceeding be dismissed and that the defendant recover his statutory costs in the district court only.

NUESSLE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.