[L. A. No. 14945. In Bank.—May 24, 1935.]·

THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant, v. A. L. DEACON et al., Defendants; G. H. DEACON INVESTMENT COMPANY et al., Respondents.

[S. F. No. 15159. In Bank.—May 24, 1935.]

THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, Arthur W. Nordstrom, Bourke Jones, Walter L. Bruington and Arthur Loveland, Deputies City Attorney, Everett W. Mattoon, County Counsel, and J. F. Moroney, Deputy County Counsel, for Appellant and Petitioners.

Oliver O. Clark, David Sallee, Victor T. Watkins, Rush M. Blodgett and Dorman Scott for Respondents.

PRESTON, J.—The above-entitled cases have been consolidated for consideration for the reason that for all practical purposes they involve the same parties and the same subject-matter.

The City of Los Angeles filed a condemnation proceeding on June 30, 1928, involving twelve parcels of land, for the purpose of condemning said lands for street purposes. The G. H. Deacon Investment Company et al., respondents in L. A. No. 14945, owned or had some interest in three of the parcels, designated as parcels 8, 11 and 12 in the complaint. In September, 1928, the city secured an order permitting it to take immediate possession of the twelve parcels, including the three parcels above mentioned, after depositing in court the sums fixed by the trial court, as required by statute. Pursuant to such order the city took possession, and completed the intended improvement, a portion of which is constructed on the lands of G. H. Deacon Investment Co. et al.

In due course the condemnation actions were tried, and interlocutory judgments entered as to all twelve parcels. As to nine of the parcels the amounts awarded were paid. The city appealed from the awards made for the three parcels owned by G. H. Deacon Investment Co. et al. ($119,490), and on such appeal the awards were reversed. (*City of Los Angeles* v. *G. H. Deacon Investment Co.*, 119 Cal. App. 491 [7 Pac. (2d) 378].) A second trial was thereupon had as to these three parcels, resulting in a judgment of $78,-223.33. The interlocutory judgment was entered January 30, 1933. Within thirty days the city appealed from this last mentioned judgment. About a year after the appeal had been perfected and while it was still pending in the District Court of Appeal, the city, by appropriate ordinance, attempted to abandon the condemnation proceeding as to the three parcels, the ordinance reciting that such abandonment was "without prejudice". The city, in abandoning, purported to act under the provisions of section 1255a of the Code of Civil Procedure, and followed the steps therein provided.

After the ordinance of abandonment as to the three parcels had been passed and the steps required by section 1255a had been taken, the city moved to dismiss its appeal from the interlocutory judgment. The District Court of

Appeal refused to dismiss the appeal, on the ground that section 1255a of the Code of Civil Procedure, properly interpreted, limited the condemnor's right to abandon to thirty days after the entering of the interlocutory decree, and held that an appeal within the thirty days did not stop the thirty days from running. This court on petition of the city, granted a hearing. This is the proceeding entitled L. A. No. 14945.

The other proceeding, entitled S. F. No. 15159, arose as follows:

When the city took possession of the three parcels owned by G. H. Deacon Investment Co. et al., in September, 1928, it was required to deposit the sum of $4,243.84 in court as security. After the decision of the trial court on the second trial awarding the G. H. Deacon Investment Co. et al. $78,000 plus, they moved the court for an order requiring the city to increase its security deposit. In January, 1933, the trial court ordered the city to increase its deposit by approximately $75,000. Thereafter, in March, 1933, the District Court of Appeal issued an alternative writ of mandate directed to the trial court and to the city ordering them to show cause why the city should not be required to make the additional deposit. In July, 1933, the District Court of Appeal made the writ peremptory (*G. H. Deacon Inv. Co.* v. *Superior Court*, 74 Cal. App. Dec. 330 [24 Pac. (2d) 534]). In due course this court granted a hearing, and in March, 1934, this court ordered the peremptory writ to issue, adopting, as the opinion of this court, the District Court of Appeal opinion (*G. H. Deacon Inv. Co.* v. *Superior Court*, 200 Cal. 392 [31 Pac. (2d) 372]). In that opinion it was held, among other things, that the deposit of the additional security would not affect the city's appeal, and that such moneys, under the appropriate code provisions, would remain on deposit with the trial court until that appeal was finally determined. The court also held (p. 396 [220 Cal.]). that "as to the ultimate right of the City of Los Angeles to abandon said condemnation proceedings either before or after the final decree of condemnation, we express no opinion, as we do not consider that question is before us in this proceeding, and we expressly refrain from expressing any opinion relative thereto".

In the meantime, as already pointed out, in January, 1934, the city by ordinance attempted.to abandon as to the three parcels owned by G. H. Deacon Investment Co. et al. In May, 1934, the trial court issued a citation to the City of Los Angeles and to the proper officials thereof directing them to show cause why they should not be adjudged guilty of contempt for failing to comply with the order of the trial court directing them to deposit the additional sums, and with failing to comply with this court's peremptory writ of mandate. The city defended on the ground it had abandoned the condemnation proceedings as to these three parcels, and that therefore the duty to make further deposits no longer existed. Thereafter the trial court, upon hearing duly had, found the city and its designated officers in contempt. The city thereupon applied for a writ of *certiorari.* The G. H. Deacon Investment Co. et al., the real parties in interest, seek to uphold the action of the trial court on the theory that the city has lost its right to abandon, and urge in support thereof the same grounds urged in L. A. No. 14945, above discussed. Later the two proceedings were consolidated.

■ It is at once apparent that in both causes the sole question involved is the validity of the purported abandonment proceedings. In discussing this question the parties herein have filed exhaustive and voluminous briefs, and have ably discussed many questions bearing more or less directly on the main question involved. In our opinion, the entire controversy turns upon the proper interpretation to be given to section 1255a of the Code of Civil Procedure. That section, as amended in 1933, so far as pertinent here, provides: "Plaintiff may abandon the proceedings at any time after filing the complaint and before the expiration of thirty days after final judgment" by performing certain acts which were here performed, and in such event the defendants are entitled to costs, including expenses in preparing for trial and attorney's fees. The "final judgment" referred to in the above section is the interlocutory judgment. That is conceded by all concerned in the present actions. (See *McDaniels* v. *Dickey,* 219 Cal. 89 [25 Pac. (2d) 404] ; *Colusa etc. R. R. Co.* v. *Superior Court,* 31 Cal. App. 746 [161 Pac. 1011] ; *California Southern R. R. Co.* v. *Southern Pacific R. R. Co.,* 67 Cal. 59 [7 Pac. 123] ; *Lincoln*

*Northern Ry. Co.* v. *Wiswell,* 8 Cal. App. 578 [97 Pac. 536];
*Glenn County* v. *Johnston,* 129 Cal. 404 [62 Pac. 66]; *Pool* v.
*Butler,* 141 Cal. 46 [74 Pac. 444].) Succinctly stated the
question is: In view of the above provision limiting the
right to abandon to thirty days after final judgment (i. e.,
the entry of the interlocutory judgment) where an inter-
locutory judgment has been entered, and the condemnor has
appealed within thirty days of the entry and such appeal
is still pending, can the condemnor abandon against the will
of the condemnee after the thirty days mentioned in the
section have elapsed? Stated another way: Does the appeal
suspend the running of the thirty-day period mentioned in
section 1255a?

These questions were not answered by the decision of this
court in the case of *Times-Mirror Co.* v. *Superior Court,
ante,* p. 309, [44 Pac. (2d) 547]. In fact, this court
(p. 334) expressly refrained from passing on the question
of construction, and held that regardless of the question
of construction the city under the facts therein disclosed was
estopped from abandoning the proceedings. It should be
here mentioned that the factual problem presented in the
Times-Mirror case was radically different from the one here
involved. In the Times-Mirror case, after the entry of the
interlocutory judgment, the *condemnee* appealed and se-
cured a reversal. Then the condemnor attempted to aban-
don before the new trial. In the present cases the appeal
is by the condemnor, and that appeal is still pending. The
interlocutory decree is still in existence, its operation for
some purposes being suspended pending the appeal. More-
over, in the present cases the condemnor has taken posses-
sion and constructed the improvement, a fact not present
in the Times-Mirror case.

In discussing the question of construction here presented,
we start with the basic premise, for reasons already stated,
that the thirty days mentioned in section 1255a started to
run upon the entry of the interlocutory decree. It is an
admitted fact that the city did not abandon within thirty
days thereafter. So far all the parties involved herein
agree. But the city contends that because it appealed
within the thirty-day period, the operation of the thirty
days was suspended, and that it had until thirty days after
its appeal is finally decided within which to abandon. Hav-

ing abandoned within the period so computed, the city contends both proceedings involved herein must be decided in its favor. The G. H. Deacon Investment Co. et al. contend that the appeal did not suspend or interrupt the operation of the thirty-day period; that the purpose of section 1255a is to compel the condemnor to determine within thirty days after the entering of the interlocutory decree whether it desires to abandon; that the thirty days having expired the city cannot now abandon.

The point involved has never been passed upon directly by any appellate court in this state—it is an open question. Considered as such, we agree with the contention of G. H. Deacon Investment Co. et al. that once the thirty-day period provided in section 1255a starts to run an appeal does not stay its operation. We are of the opinion that one of the major purposes intended by section 1255a was to compel the condemnor to decide within thirty days after the entry of the interlocutory decree whether it desires to abandon. This does not in any way deprive the condemnor of its right to appeal. When an interlocutory decree of condemnation is entered the condemnor, in the absence of an appeal by the condemnee, knows how much the improvement will cost. If it decides not to abandon, but decides to appeal, it may do so. If the appeal by the condemnor is unsuccessful the condemnor has lost its right to abandon, and must pay. This rule is fair and just to all concerned. The whole purpose of giving the condemnor the right to abandon is to permit it to abandon after it knows the ultimate cost of the improvement. It knows that fact upon the entry of the interlocutory decree. The rule contended for by the city in the present cases would be unfair to the condemnee, and would, in our opinion, permit a continuance of one of the evils that section 1255a was intended to prevent. If the city is correct in its contention that the appeal interrupts the running of the thirty-day period and continues the right to abandon to thirty days after the appeal is decided, the following situation would be presented: The condemnor starts a condemnation action, and such action proceeds to judgment. The condemnor then knows the cost of the improvement to it. The condemnor does not elect to abandon within thirty days but does appeal within that time. After all the briefs are in on that appeal, or even after the appeal

is decided, the condemnor can elect to abandon, pay the costs, and immediately start a new condemnation proceeding, and so on *ad infinitum,* until a decree is rendered that seems more satisfactory to it. Such a rule would be highly unfair to the condemnee. The major purpose of passing section 1255a was to prevent the condemnor, within reasonable limits, from prosecuting successive actions. (*Pacific Gas etc. Co.* v. *Chubb,* 24 Cal. App. 265 [14 Pac. 36].) As was said in *Colusa etc. R. R. Co.* v. *Superior Court, supra,* at page 753 [31 Cal. App.] :

"In *Union Ry. Co.* v. *Standard Wheel Co.,* 149 Fed. 698 [79 C. C. A. 386], the question involved was whether, after judgment assessing damages, plaintiff or petitioner was authorized to dismiss the proceedings as to a portion of the land sought to be condemned merely because in its opinion the damages assessed were too high, and in holding to the contrary, the court said: 'When a party undertakes to subject another's property to his own use he must be deemed to be willing and intend to pay a fair price for it, and that such fair price shall be fixed by the verdict of a jury to be approved by the court. Good faith requires that he shall not use the power of the court to vex the other party with successive experiments in the effort to get what he wants at his own price. And the public has an interest in the finality of the judgment. It will endure one litigation between parties but not a repetition of it, to give one of them a chance to get a better result.' " It is our opinion that if the contentions of the city were to be sustained the thirty-day time limit provided for in the section would be practically meaningless, and the salutary purpose of the section avoided.

The city advances many arguments in favor of its contentions. The major argument is that in certain cases interpreting section 1251 of the Code of Civil Procedure, an appeal has been held to suspend the running of the thirty-day period therein provided. Section 1251, so far as pertinent here, provides: "The plaintiff must, within thirty days after final judgment, pay the sum of money assessed . . . " The "final judgment" therein referred to is the interlocutory judgment, and it has been held that an appeal or motion for a new trial suspends the running of the thirty day period therein mentioned. (*Pool* v. *Butler,* 141 Cal.

46 [74 Pac. 444]; *Lincoln Northern Ry. Co.* v. *Wiswell,* *supra.* See, also, *Mt. Shasta Power Corp.* v. *Dennis,* 66 Cal. App. 186 [225 Pac. 877]; *Colusa etc. R. R. Co.* v. *Superior Court, supra.*) Of course, cases holding that the thirty-day period provided for in section 1251 is suspended by an appeal, are of some persuasive force on the point that the appeal also suspends the thirty-day period provided for in section 1255a—but such cases are not conclusive. It is obvious that an appeal by the condemnor has to suspend the running of the thirty-day period found in section 1251, because otherwise the condemnor would be compelled to pay the judgment and for all practical purposes the appeal would become moot. (*Mt. Shasta Power Corp.* v. *Dennis, supra.*) For reasons already stated, this argument does not apply to section 1255a.

*Pool* v. *Butler* and *Lincoln Northern Ry. Co.* v. *Wiswell, supra,* were both decided before section 1255a was added to the code in 1911. Whatever was said in those two cases about the right to abandon existing up until the condemnor became obligated to pay the judgment, cannot assist the court in interpreting a statutory provision enacted long after such cases were decided. It is true, as urged by the city, that prior to 1911 the condemnor could abandon pending an appeal, but it is our opinion, as already set forth, that section 1255a was enacted for the purpose of preventing such an abandonment after the thirty-day period has expired.

The other cases cited by the city, although also of some persuasive force, are not conclusive. The Colusa case, *supra,* admittedly did not involve the right to abandon. It involved the right of the condemnor to refuse to pay the award pending appeal. It is simply another case holding that the provisions of section 1251 are suspended pending the appeal. *Mt. Shasta Power Corp.* v. *Dennis, supra,* also involved the right to an execution. The question of the condemnor's right to abandon after an appeal was not directly involved. There is certain language in the opinion, however, that lends some color to the city's contentions. The Mt. Shasta Power Corporation brought an action to condemn certain riparian rights. After the interlocutory judgment had been entered and within thirty days the condemnor appealed. It was held, in accordance with the Colusa case, *supra,* that the appeal stayed the issuance of execution. The condemnor had paid the amount of the

award into court, and took possession of the premises sought to be condemned. It was held that these acts constituted a waiver of the right to appeal. That is all that was actually decided by the case. At no time did the condemnor seek to abandon nor was its right to do so involved. It is true that in referring to the argument of appellant the court said: "Appellant contends that its payment of the damages awarded the defendants was not voluntary but that under the provision of section 1251, herein quoted, it was compelled to make such payment within thirty days after final judgment, 'as failure to comply with this provision would have subjected appellant to liability to execution, or to extra damages upon abandonment', as provided by sections 1251 and 1255a. An appeal by plaintiff, however, within thirty days after entry of the judgment would have operated to stay the issuance of execution under the provisions of the one section or the assessment of damages under the other. (*Colusa etc. R. R. Co.* v. *Superior Court,* 31 Cal. App. 746, 761 [161 Pac. 1011].) Plaintiff had the option of paying the damages awarded and taking possession or appealing from the judgment and remaining out of possession until the final determination of the compensation to be paid." In so far as the above language refers to the effect of an appeal without taking possession, or to damages upon abandonment, such language was not necessary to the opinion. Such points were not involved. We repeat that whether the condemnor could abandon pending the appeal was not an issue in the Dennis case.

The city argues at length that sections 1251 and 1255a must be construed together, and that the thirty-day period in section 1251 must be construed as the same thirty-day period found in section 1255a, and that when it is held that an appeal suspends the operation of section 1251 it must also be held to suspend section 1255a. It is possible to so construe the sections, but for reasons already advanced we do not think it is the proper construction. Such a construction would effectually evade one of the very purposes we believe the legislature had in mind when section 1255a was passed.

Many other questions are exhaustively argued and briefed by counsel. It is not necessary to here pass upon those questions. For the purposes of this opinion we assume that

the condemnor's right to abandon is measured by section 1255a and hold that under that section the attempted abandonment here involved was ineffectual.

For the foregoing reasons the motion to dismiss must be denied and the proceedings on *certiorari* dismissed.

It is so ordered.

Curtis, J., Thompson, J., Waste, C. J., and Shenk, J., concurred.

Rehearing denied.