[S. F. No. 4640.    In Bank.—May 20, 1908.]

## MERCED OIL MINING COMPANY et al., Respondents, v. R. L. PATTERSON et al., Appellants.

CONSOLIDATED PLACER MINERAL LOCATION—CONVEYANCE OF SPECIFIC
PORTION OF CLAIM—DISCOVERY OF OIL BY GRANTEE—EFFECT OF
DISCOVERY ON BALANCE OF CLAIM.—Where eight persons, as asso-
ciates, enter upon and locate a tract of one hundred and sixty acres
of vacant, unoccupied mineral lands of the United States under
the placer mining laws, mark the boundaries of the consolidated
claim, and proceed with the work of development to make an oil
discovery, but before any discovery of oil had been made by them
they all join in conveying a specific portion of the consolidated
claim to a third person, who prosecutes the work of discovery on
the portion so conveyed, and subsequently makes a sufficient dis-
covery of oil thereon, the effect of such conveyance, in the absence
of any contrary understanding or agreement between the parties,
is to surrender to the grantee all of the rights which the grantors
formerly enjoyed in the portion conveyed, and to constitute it a
separate and independent claim; and the subsequent discovery of
oil thereon by such grantee would not inure to the benefit of such
associates or their grantee of other portions of the consolidated
claim, so as to perfect the location of the remaining portions of the
consolidated claim.

ID.—AGREEMENT MAKING WORK BY GRANTEE OPERATE FOR BENEFIT OF
ENTIRE CLAIM—CONSIDERATION—PAROL EVIDENCE.—If as a part
of the consideration of the deed by the associates to the specific
portion of the consolidated claim it was understood and agreed
between the parties that the labor done and money expended by the
grantee on the portion conveyed should operate for the benefit of
the land remaining in the possession of the associates, such effect
will be given it, and the value of the work and the resulting dis-
covery would then inure to the benefit of the land remaining in the
possession of the associates, and of all their subsequent grantees.
That such an agreement was part of the consideration of the deed
may be shown by parol.

APPEAL from a judgment of the Superior Court of
Fresno County and from an order refusing a new trial.
George E. Church, Judge.

The facts are stated in the opinion of the court.

N. C. Caldwell, and E. A. Williams, for Appellants.

Frank H. Short, and F. E. Cook, for Respondents.

HENSHAW, J.—In May, 1899, C. C. Spinks and his seven associates entered upon and located under the Placer Mining Laws one hundred and sixty acres of vacant, unoccupied mineral lands of the United States. The mineral for which the lands were thought to be valuable was oil. The boundaries of the consolidated claim were marked and the locators proceeded with the work of development to make an oil discovery. On the twenty-seventh day of January, 1900, and before any discovery of oil had been made by the associates, they conveyed a certain forty acres of their one hundred and sixty acres to the Merced Oil Mining Company, and on the twentieth day of February, 1900, they conveyed another forty acres to C. H. Castle. The Merced Oil Mining Company prosecuted the work of discovery by drilling a well, and in the September or October following made a sufficient discovery of oil. The conveyance by Spinks and his associates of the forty acres to the Merced Oil Mining Company, so far as appears from this record, was a conveyance of their rights to the specific forty acres in severalty, and the same may be said of the forty acres conveyed to Castle.

These two plaintiffs join in a single action as deriving title from a common source, alleging a trespass and interference by the defendants with their ownership and right of possession to these lands so conveyed to them, seeking a decree quieting their title against the defendants, and an injunction restraining the defendants from further trespass and interference with the freehold. The defendants, for their claim of title, set forth later locations made by them upon these same lands. The cause was tried before a jury, which returned special verdicts upon the issues propounded. These special verdicts were adopted and embodied in the judgment of the court. A motion for new trial was made and denied, and defendants appeal from the judgment and from the order so denying their motion for a new trial.

Upon the trial the court accepted as the correct interpretation of the law the theory of plaintiffs,—namely, that the consolidated claim of Spinks and his associates to the one hundred and sixty acres constituted a single claim, with the right of possession in Spinks, his associates, and their grantees as

CLIII Cal.—40

against attempted relocations, made while they were actually in the possession of the land and diligently prosecuting the work for the discovery of oil; that the expenditure of one hundred dollars per year upon any part of the one hundred and sixty acres was an expenditure for and on behalf of the whole claim of one hundred and sixty acres, and that a discovery of oil upon any part of the one hundred and sixty acres perfected the location of the whole one-hundred-and-sixty-acre claim. Upon this appeal respondents contend that full support for this theory of the law is found in the case of *Miller* v. *Chrisman*, 140 Cal. 440, [98 Am. St. Rep. 63, 73 Pac. 1083, 74 Pac. 444]. In *Miller* v. *Chrisman* this court was called upon to consider a situation where the associates had conveyed all their interests in the one-hundred-and-sixty-acre claim to one of the number. The contention advanced in that case was that by these conveyances made before discovery of mineral the whole location lapsed and became void, or, in the alternative, at least, the associates' rights to one hundred and forty acres lapsed, leaving Miller, the last associate and the grantee of the others, a location of only twenty acres in and about the *situs* of the oil discovery which he afterward had made. It was said in *Miller* v. *Chrisman* that when the eight citizens, who separately would have been entitled to locate each no more than twenty acres, consolidated and together located one hundred and sixty acres, the location was not to be deemed eight separate locations of twenty acres each, but was, within the contemplation of the law, a single location of one hundred and sixty acres, the exterior boundaries of this location being all that they were called upon to demarcate, their right of possession being a common right of possession, their interests common and undivided interests; and that as the law governing such locations provided that when one or another of the associates abandoned, his interest should go to such associates as continued in possession doing the work, no reason could be seen why one or more of these associates could not, by conveying to their co-locators, accomplish the same result that would be worked by their abandonment, and it was therefore held that by force of such conveyance the remaining associates or associate acquired all the rights of the others in the whole one-hundred-and-sixty-acre claim. Strictly, therefore, the decision in *Miller* v.

*Chrisman* went no further than to hold that conveyances by the associates amongst themselves, which in no manner segregated the interests, nor destroyed nor impaired the right of possession which they enjoyed in common, were permissible and legal. The decision of the trial court in the case at bar, it is to be noted, is a long stride in advance of the decision in *Miller* v. *Chrisman*. By stipulation of the parties, all questions of weight and conflict in the evidence are eliminated, and the court is asked to decide the following legal questions:—

"(A) Was the discovery of oil made by plaintiff, the Merced Oil Mining Company, on the forty acres conveyed to, and held by, said company, sufficient to validate and perfect the entire location of said quarter-section under which said corporation deraigns title to its respective forty acres as a placer mining claim, and to relieve the said C. H. Castle from the necessity of making any discovery of oil upon the forty acres claimed by him in order to perfect his claim to such forty acres under the laws of the United States?

"(B) After the different parts and portions of said quarter-section had been conveyed to, and held by, the several parties as shown by said statement and the verdict and findings herein, was one hundred dollars' worth of work done upon any one of the several parts and portions a sufficient compliance with the laws of the United States requiring the performance annually of one hundred dollars' worth of work upon any placer mining location, as to the entire location of one hundred and sixty acres, or was each of said parties required under the laws of the United States to perform one hundred dollars' worth of work upon each part and portion so held by each party in severalty?"

The case thus presented is not that of a conveyance by one associate to another or to an outsider of his undivided interest, but is a conveyance to an outsider by all of the associates of all their interest to certain designated and described portions of their one-hundred-and-sixty-acre claim. By the conveyance to Merced Oil Mining Company (and the same is true of course of the conveyance to Castle), the associates stripped themselves of all rights of possession, of all right to enter upon the forty acres of land to prosecute their mining operations, and, upon the other hand, the Merced Oil Mining Company, in taking the associates' title to this forty acres,

acquired no right of entry whatsoever upon the lands remaining to the associates. So far as the record before us discloses, this was the situation.

No doubt may be entertained that a conveyance such as this may be made, and that the effect of such conveyance, if such be its expressed intent, is to surrender to the grantee all of the rights which the grantors formerly enjoyed. If such a surrender be made, without further understanding and agreement between the parties, it is apparent, we think, that the portion so severed must be regarded as a separate and independent claim. Excepting as preserved by the agreement of the parties, there are no rights in common between the grantors and the grantee. The right of possession to the portion of the consolidated claim so severed by conveyance is lost to the original associates. In effect it is an abandonment by them of that piece of land. It is their declaration that they no longer hold such land under the right of possession in common which they enjoy as to the remainder. It cannot be perceived, therefore, that under the circumstances stated, a discovery made by such independent owners upon the limited tract conveyed to them can be held to redound to the benefit of the associates who have parted with all interest in and control over it. This, we say, must be the condition where the agreement of the parties goes no further than to a bare conveyance of the grantor's possessory rights. But, upon the other hand, by convention and agreement of the parties, a radically different result may be legally accomplished. No one would question but that the associates might authorize a stranger to their interests to enter upon their land and sink a well, agreeing, in the event of a discovery of oil, to convey to such person any designated portion of the claim. In such case, clearly the work would be done for the benefit of all the associates and of the whole claim. It cannot make any difference that the conveyance to the party who is so to develop the land is made before or after discovery, provided that it be understood between them that, as part of the consideration, the work done and the discovery when made shall be for the benefit of the whole claim. As parol evidence is always received to show the true consideration of a contract, this part of the consideration may rest upon an oral agreement of the parties, and need not, therefore, be embodied in the

deed. As in the case of quartz locations it is permissible for two locators to join in sinking a shaft or driving a tunnel without the boundaries of their locations in their effort to strike the vein or lode, with the result that the work so done is deemed in law to have been done on and for the benefit of their respective locations, so in these placer locations no reason is perceived why the parties may not make a conveyance of a divided as well as an undivided interest, to the end that the grantee may prosecute the work of discovery for the benefit of all. But, upon the other hand, while the distinction made may perhaps be regarded as refined, nevertheless, logically, the contrary of the proposition is equally true, that if such conveyance be made without any such understanding it is in law no more than a surrender and abandonment of the possessory rights which the original locators had, and the establishment, in effect, of a new and independent location in their grantees.

Coming to apply this principle to the facts in the case, if as a part of the consideration of the deed to the Merced Oil Mining Company it was understood and agreed between the parties that the labor done and money expended upon the Merced Company's forty acres should operate for the benefit of the land remaining in the possession of the associates, such effect would be legally given. And, in turn, the value of the work and the resulting discovery would redound to the benefit of all subsequent grantees of the associates. In this sense must be understood the declaration in *Weed* v. *Snook,* 144 Cal. 439, [77 Pac. 1023].

The title of the Merced Oil Mining Company does not by appellants seem to be seriously questioned, but as to the right and title of Castle it appears from the instructions given by the court to the jury that they were advised, in effect, that the possession and discovery by either plaintiff on his segregated portion of the claim, was a possession and discovery of both plaintiffs. This, as has been discussed, was too broad a statement of the law, and it follows, therefore, that the judgment in favor of Castle must be reversed and the cause remanded.

The judgment in favor of the Merced Oil Mining Company is affirmed and the judgment in favor of C. H. Castle is reversed and the cause remanded.

Angellotti, J., Lorigan, J., Sloss, J., and Beatty, C. J., concurred.