UNITED STATES v. ROCK OIL CO. et al.

(District Court, S. D. California. April 9, 1919.)

No. A-53.

MINES AND MINERALS ☞36—OIL AND GAS LANDS—WITHDRAWAL FROM ENTRY—PROTECTION OF BONA FIDE OCCUPANTS.

The Pickett Act (Comp. St. §§ 4523–4525), declaring that rights of persons who at date of withdrawal of oil or gas lands are bona fide occupants or claimants thereof, and who then are in diligent prosecution of work leading to discovery of oil or gas, shall not be affected or impaired by the order, so long as they continue in such prosecution, being a remedial statute, to be liberally construed to effect its purpose of enabling such bona fide occupants to continue their work to discovery and to acquire title, it is immaterial that, unknown to them, the one from whom they obtained possession had attempted to acquire more land than the law allows, or that they had not posted or recorded notice of intention to locate.

In Equity. Suit by the United States against the Rock Oil Company and others. Complaint dismissed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Frank Hall and C. D. Hamel, both of San Francisco, Cal., for the United States.

A. V. Andrews, of Los Angeles, Cal., for defendant Rock Oil Co.

A. L. Weil, of San Francisco, Cal., for defendant General Petroleum Co.

Milton T. Farmer, of Bakersfield, Cal., for defendant Standard Oil Co.

BEAN, District Judge (sitting by special assignment). This is a suit to determine the defendants' right to the possession of the southeast quarter of section 23, township 31 south, range 22 east, Mt. Diablo meridian, in the state of California, and to extract and market the oil therefrom. The land is chiefly valuable for its oil contents.

In November, 1908, and prior to discovery, paper locations or declaratory statements were posted on the property in controversy, and also on the northeast quarter of section 26 in the same township, by one Burge, in the name of sundry persons claiming the several tracts under the placer mining laws; they being at the time vacant unoccupied mineral land of the United States open to entry.

In December, 1908, Burge entered into a contract with one Johnson for the development of both quarter sections by drilling for oil thereon, agreeing to give Johnson a certain portion in each tract in case of discovery. In January, 1909, Johnson assigned and transferred his interest in the development contract to T. R. Finley and 21 other persons, all qualified entrymen under the mining laws. Subsequently 6 of the original alleged locators conveyed their interest, if any, to Burge, and the other 2 executed and delivered to him a power of attorney, authorizing him to act for them. Thereafter, and in July, 1909, an agreement was entered into between Burge and Finley and associates, by which the latter surrendered to Burge their claims to the northeast quarter of section 26, in consideration of which Burge transferred and surrendered to them the land now in controversy.

Finley and his associates shortly thereafter entered into a contract with the Logan Oil Company for the development of the latter property, and the oil company was diligently engaged in work leading to discovery on September 27, 1909, when the land was included in the presidential withdrawal order of that date. Work of development continued after the withdrawal, and oil was discovered in December, 1909, involving an expense of a considerable amount of money.

The present defendants have succeeded to the rights of the oil company and Finley and his associates, without notice or knowledge of the alleged fraud, and upon the payment of large sums of money therefor. The government claims that they have no legal right to the property or its contents, because the original locations were fraudulent and void, being made for the purpose of enabling Burge to acquire more land in a single location than the law permits.

This position is strenuously controverted by the defendants. In addition they insist that, however that may be, Finley and his associates were given a legal interest in the property by the provisions of the Pickett Act. That they and the Logan Oil Company, holding

for them at the time of withdrawal, acted in good faith in acquiring possession of the property and without notice or knowledge of the fraudulent character of the Burge locations, if they were fraudulent, and were so acting at the time of the withdrawal is clear and undisputed from the testimony.

The government argues, however, that notwithstanding this fact they are not to be regarded as bona fide occupants or claimants within the meaning of the Pickett Act (Act June 25, 1910, c. 421), which provides that—

"The rights of any person who, at the date of withdrawal, * * * is a bona fide occupant or claimant of oil or gas bearing lands, and who, at such date, is in diligent prosecution of work leading to discovery of oil or gas, shall not be affected or impaired by such order, so long as such occupant or claimant shall continue in diligent prosecution of said work." 36 Stat. 847 (Comp. St. § 4524).

This law is the first legislative recognition by Congress of a statutory right in an occupant of public oil lands prior to discovery. It was manifestly intended to and does expressly give to those coming within its provisions a legal status and a right to continue work of discovery with the attendant consequences. It is a remedial statute and should be liberally construed to effect its purpose (Consol. Mut. Oil Co. v. U. S., 245 Fed. 521, 157 C. C. A. 633), which was to protect bona fide occupants of public oil or gas lands who in good faith were, at the date of a withdrawal, engaged in work leading to discovery, by giving them the right to continue their work to a discovery, and thereafter to extract and market the oil, and to acquire title notwithstanding the withdrawal; and in my judgment it is of no consequence from whom such occupants obtained possession, if, as appears in this case, they were at the date of withdrawal claiming in their own right no more land than they would be entitled to take under the mining laws, and were acting in good faith and with an honest purpose to comply with the law. What right, if any, a transferee of a paper location would acquire as against a withdrawal before discovery, if the original location included more land than he could lawfully take under the mining laws is not here involved. But see Miller v. Chrisman, 140 Cal. 440, 73 Pac. 1083, 74 Pac. 444, 98 Am. St. Rep. 63; Merced Oil Mining v. Patterson, 153 Cal. 624, 96 Pac. 90; Id., 162 Cal. 358, 122 Pac. 950.

The so-called locator of mineral lands has no legal status or right to the property against the government, prior to discovery, except such as is given by the Pickett Act. His right, if any, is a mere possessory one, protected and recognized, it is true, against forcible or clandestine entry by a third person, while he is in good faith making a discovery, although open to the entry of others by legal means for the purpose of location. Consol. Mut. Oil Co. v. U. S., supra. When, however, he relinquishes or transfers his possession to another before discovery, the land thereupon becomes subject to location by that other, if he is qualified to make a location. Finley and his associates were qualified locators of an association claim. They were more than eight in number, and under the arrangement between them no one was to receive a larger area of the land located than the law entitled him

to take. The fact that they did not post or record notice of an intention to locate the land is immaterial. The law does not provide for nor require such procedure, and moreover their possession of the property was of itself notice of their rights therein. Butte & Superior Copper Co. v. Clark-Montana Realty Co., 249 U. S. 12, 39 Sup. Ct. 231, 63 L. Ed. ——, decided by Supreme Court of U. S. March 3, 1919.

I can conceive no valid reason why, under the evidence in this case, they should not be deemed to have been bona fide occupants at the date of withdrawal within the meaning of the Pickett Act, although they may have innocently obtained possession in the first instance from some one who was attempting to acquire more land than the law permitted. Their right was not deraigned from, nor did it depend upon, the prior location, but upon the terms of the Pickett Act. They were occupying and holding in their own right and as persons lawfully entitled to acquire the property under the mining laws. Their possession was not tainted with the fraud, if any, of prior attempted locators, whom they did not represent, and in whose interest and for whose benefit they were not holding.

It follows that the complaint must be dismissed; and it is so ordered.